## Boyer v. Miller, Appellant.

*Execution—Sheriff's sale—Levy after return day—Ejectment.*
A title based upon a sheriff's sale cannot be sustained where it appears that the levy upon the real estate was made after the return day of the writ of fieri facias.

200        589
Case 2
e 27 SC   470

Argued May 27, 1901.  Appeal, No. 172, Jan. T., 1901, by defendants, from judgment of C. P. Northumberland Co., Feb. T., 1900, No. 190, on verdict for plaintiffs in case of Charles B. Boyer and Amelia Boyer, to use of Amelia Boyer v. John Miller, Administrator of John Miller, Deceased, and John Wolfgang.  Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ.  Affirmed.

Ejectment for twenty acres of land in Upper Mahanoy township. Before SAVIDGE, P. J.

Both parties claimed title under sheriff's sales on execution against Wolfgang, who owned a tract of land partly in Schuyl-kill and partly in Northumberland counties. The latter disclaimed. The defendant having a judgment in Schuylkill county proceeded under the act of 1840 for the sale of lands lying in different counties, sold the entire tract in both counties and purchased at the sale.

Subsequently plaintiff having judgment in Northumberland county levied and sold the portion of the tract in that county, purchased and brought this ejectment.

At the trial it appearing that the levy under which the defendant's sale was made, was after the return day of the writ of fieri facias, the court held the title invalid, and the proceedings in plaintiff's title being regular, directed a verdict for plaintiff.

*Error assigned* amongst others was in giving binding instructions for plaintiff.

*S. M. Enterline*, with him *Voris Auten*, for appellants.

*S. B. Boyer* and *S. P. Wolverton*, for appellee.

PER CURIAM, October 11, 1901:

In our examination of the specifications we failed to discover in either of them any material error, and the judgment entered on the verdict must be sustained.

Judgment affirmed.